UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LOREN SULLIVAN,

                      Plaintiff,

     v.                                      1:13-cv-715

WSWHE BOCES,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Loren Sullivan commenced the instant action against WSWHE Boces asserting claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983. Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

**I.    FACTS**

Plaintiff Loren Sullivan suffers from Tourette Syndrome. In 2007, Plaintiff was hired by Defendant WSWHE BOCES to teach special education social studies to high school students. In December 2007, Plaintiff received an offer to work full time as a history teacher working with troubled students in the Alternative High School. In June 2009, Plaintiff was informed that his position was being eliminated. Plaintiff learned that a new position was being created at the school which was comprised of half day GED for alternative students and half day GED for special education. Plaintiff applied for the position, but did not receive

the job. Plaintiff claims that the position was given to a lesser qualified, lesser experienced, non disabled individual.

Thereafter, Plaintiff applied for, and was awarded, a GED teaching position at the F. Donald Byers Center of BOCES in Saratoga Springs, New York. In 2010, Plaintiff was informed that his position was being eliminated.

In September 2010, Plaintiff began working at Hudson Falls Intermediate School teaching special education to elementary students. The school principal, Robert Cook, is purported to have stated that he did not want Plaintiff working at the school and to have also threatened to put a letter in Plaintiff's personnel file "every day so [he could] find a way to fire [plaintiff]." Compl. at ¶ 29. Plaintiff resigned from his position in December 2010.

In January 2011, Plaintiff was contacted by Defendant's Human Resources Representative, Donna Wisenburn, and informed that there was an open position for him at the Myers Center where he previously taught. The position was not full time and was offered a salary at a 60% rate. Plaintiff accepted the position.

Plaintiff commenced working at the Myers Center on January 20, 2011. He noticed that his work environment had changed. Co-workers would regularly make comments and joke about his disability. The principal, Sean Hunziker, did not reprimand the co-workers for their actions, but, rather, "laugh[ed] along in amusement directly in front of [Plaintiff]." Compl. at ¶ 32. Plaintiff also was informed he would not get any credit toward his tenure area while working at the Myers Center. Hunziker further advised Plaintiff that all of the work he had submitted as part of the tenure process was 'lost'" and would have to be re-created. Id. at ¶ 9. Hunziker also issued several reprimands to Plaintiff. In February 2011, Hunziker questioned Plaintiff why his teaching plans were not the same as they were in the beginning

of the year despite the fact that Plaintiff did not teach at the Myers Center at the beginning of the year. On several occasions, Hunziker yelled at Plaintiff in the hallway in front of teachers and students. Hunziker also is alleged to have ignored Plaintiff's complaint about a classroom safety issue. Hunziker is further claimed to have unfairly criticized Plaintiff's teaching methods.

In June 2011, Plaintiff's job was again eliminated. The position was reinstated in September 2011, but Plaintiff was not contacted concerning the opening. The course is currently being taught by a non-disabled employee with less seniority and experience than Plaintiff.

Based on the foregoing, Plaintiff commenced the instant action asserting claims for violation of his rights as protected by the Equal Protection Clause and violations of the Americans with Disabilities Act.

Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12 on the grounds of: (1) insufficient service of process; (2) lack of personal jurisdiction; and (3) failure to state a claim upon which relief can be granted.

**II.      DISCUSSION**

    a.    <u>Service of Process</u>

Defendant first moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) claiming that the summons was deficient in that it did not identify this Court as the place where the action is pending, but, rather, named a state court in Washington County; the summons is not signed by the clerk; and the summons does not bear the court seal. Defendant further contends that service is deficient in that the summons was not signed by an attorney

admitted to practice before this Court and the summons does not provide the proper response date to serve an answer.

While the summons is deficient as Defendant claims, because there does not appear to be any prejudice to Defendant and it appears that Defendant actually received notice of this litigation, including have received a copy of the Complaint and becoming aware of the proper forum in which this matter was being litigated, the Court does not find that dismissal is warranted at this time. Rather, Plaintiff shall serve Defendant with an amended summons that fully complies with Rule 4 within fourteen days of the date of this Order. Failure to do so shall result in dismissal of this action.

Defendant also moves to dismiss on the ground that it was not properly served within 120 days as required by Rule 4(m). Once again, Defendant is correct, but the Court finds that there is no prejudice here and, therefore, declines to dismiss the action. As previously provided, Plaintiff shall properly serve a summons within fourteen days of the date of this order and the failure to do so shall result in dismissal of this action.

Defendant next moves to dismiss for lack of personal jurisdiction because it has not been properly served with a summons. Because the time for effectuating proper service is being extended by fourteen days from the date of this Order the Court finds that dismissal for lack of personal jurisdiction is not warranted at this time.

    b.    <u>Statute of Limitations</u>

Defendant's next seeks dismissal of all discrete acts that occurred prior to May 3, 2011 (300 days before the filing of the charge of discrimination). "An aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act." <u>Petrosino v. Bell Atl.</u>, 385 F.3d 210,

219 (2d Cir. 2004). An exception to the 300–day statute of limitations exists where plaintiff establishes a continuing violation. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061 (2002). Under this exception, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." Hongyan Lu v. Chase Inv. Serv. Corp., 412 F. App'x 413, 416 (2d Cir. 2011) (summary order). "[W]hile this theory may apply to 'cases involving specific discriminatory policies or mechanisms, . . . multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation.'" Id. (citing Lambert v. Genessee Hosp., 10 F.3d 46, 53 (2d Cir. 1993)).

Defendant is correct that any discrete employment actions (termination, failure to hire, pay decrease, etc) that occurred prior to May 3, 2011 and that are not part of a policy of discrimination are time barred. Because the Complaint does not plausibly allege a continuing violation with respect to the discrete incidences, all claims based on discrete employment actions that occurred prior to May 3, 2011 must be dismissed. The hostile work environment claim survives the motion to dismiss at this time because it may constitute a continuous practice and it is unclear based on the allegations of the Complaint whether any such conduct continued through May 3, 2011. A fair reading of the Complaint suggests that it may have. Similarly, the conduct alleged to have occurred in June 2011 is timely.

  c.  Claims Pursuant to 42 U.S.C. § 1983

Lastly, Defendant moves to dismiss Plaintiff's claim brought under the Equal Protection Clause of the Fourteenth Amendment. This claim must be dismissed because disability is not a suspect classification under the Equal Protection Clause and a class of one

claim is not available in the public employment context.  See Chick v. County of Suffolk, —
Fed. Appx. —, —, 2013 WL 6332682, at *2 (2d Cir. Dec. 6, 2013).

## III.     CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.  The motion to dismiss based on insufficient service of process and lack of personal jurisdiction is DENIED pending Plaintiff's proper service of a summons within fourteen days of the date of this Order.  Failure to do so shall result in the dismissal of this action.  Defendant's motion based on the statute of limitations is GRANTED insofar as all discrete acts occurring prior to May 3, 2011 are DISMISSED.  Defendant's motion to dismiss the claim pursuant to 42 U.S.C. § 1983 is GRANTED.  In all other respects, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: January 17, 2014

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge